# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

| | |
|---|---|
| **MARLENA ALDRICH and KRISTEN NOLAN**, <br><br> Plaintiffs, <br><br> vs. <br><br> **THE UNIVERSITY OF PHOENIX, INC.**, <br><br> Defendant. | Case No. 3:15-CV-00578-JHM-CHL |

### DEFENDANT THE UNIVERSITY OF PHOENIX, INC.'S
### MOTION FOR LEAVE TO FILE
### SUR-REPLY IN OPPOSITION TO PLAINTIFFS' MOTION TO REMAND

Defendant The University of Phoenix, Inc. (the "University") respectfully moves this Court for leave to file a sur-reply that briefly responds to certain arguments made for the first time in Plaintiffs' Reply Memorandum in Support of Motion to Remand to State Court ("Reply"). *See* DE #12 ("Pls. Reply"). In support of its Motion, the University states as follows:

1. In their Motion to Remand to State Court ("Motion"), Plaintiffs previously argued that this Court could have jurisdiction over this action *only* pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d). *See* DE #7 ("Pls. Mot.") at 2–8. The University's Response in Opposition to the Motion ("Response") demonstrated that argument to be untrue, as the Court also has jurisdiction pursuant to 28 U.S.C. § 1332(a). *See* DE #11 ("Def. Resp.") at 2–5.

2. Evidently recognizing that fact, Plaintiffs' Reply now raises new arguments and cites additional case law not presented in Plaintiffs' Motion. Specifically, Plaintiffs newly argue

that "the Notice omits entirely jurisdictional allegations concerning the class action,"[1] allegedly requiring remand, and that the University must "treat Plaintiffs' individual claims separately" in order to establish diversity jurisdiction. Pls. Reply at 1, 3–6, 9.

3. The new arguments presented in Plaintiffs' Reply misconstrue the law and the University seeks leave to address them in a brief Sur-Reply in Opposition to Motion to Remand (the "Sur-Reply"), which is attached as Exhibit A. In addition, the Reply seeks to rely on a newly-cited (albeit inapplicable) pleading standard case which Plaintiffs assert supports their new arguments. The Sur-Reply addresses that case as well.

Accordingly, the University respectfully requests leave to file its Sur-Reply in Opposition to Motion for Remand, which is attached as Exhibit A.

Dated:  September 4, 2015                                  Respectfully submitted,


　　　　　　　　　　　　　　　　　　　　　　　　　　　　__/s/ LaToi D. Mayo_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　LaToi D. Mayo
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Jay Inman
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Littler Mendelson, P.S.C.
　　　　　　　　　　　　　　　　　　　　　　　　　　　　333 West Vine Street
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Suite 1720
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Lexington, KY  40507
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Telephone: 859.317.7970
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Facsimile: 859.259.0067
　　　　　　　　　　　　　　　　　　　　　　　　　　　　lmayo@littler.com
　　　　　　　　　　　　　　　　　　　　　　　　　　　　jinman@littler.com

　　　　　　　　　　　　　　　　　　　　　　　　　　　　*Attorneys for Defendant*

---

[1] Although making passing mention to the fact that the Notice of Removal did not, allegedly, claim supplemental jurisdiction, *see* Pls. Mot at 4, Named Plaintiffs' Motion did not argue that supplemental jurisdiction must be expressly cited for a district court to take jurisdiction over unnamed class members' claims, as their Reply now does, *see* Pls. Reply at 3–7.

2

## Certificate of Service

It is hereby certified that the foregoing has been filed via the electronic filing system on September 4, 2015. Notice of filing will be performed by the Court's electronic filing system, and the Parties may access the document through the electronic filing system.

*/s/ LaToi D. Mayo*
LaToi D. Mayo