UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

| | |
|---|---|
| **MARLENA ALDRICH and KRISTEN NOLAN**, | ) ) ) |
| Plaintiffs, | ) ) Case No. 3:15-CV-00578-JHM-CHL ) ) |
| vs. | ) ) |
| **THE UNIVERSITY OF PHOENIX, INC.**, | ) ) ) |
| Defendant. | ) ) ) |

**DEFENDANT THE UNIVERSITY OF PHOENIX, INC.'S
SUR-REPLY IN OPPOSITION TO PLAINTIFFS' MOTION TO
<u>REMAND TO STATE COURT AND FOR COSTS AND FEES</u>**

Defendant The University of Phoenix, Inc. (the "University") respectfully submits this sur-reply in opposition to Plaintiffs Marlena Aldrich and Kristen Nolan's ("Named Plaintiffs") Motion to Remand to State Court and for Costs and Fees ("Motion"). *See* Pls. Mot. (DE # 7).

In their Reply Memorandum in Support of Motion to Remand to State Court ("Reply"), Named Plaintiffs have argued two new theories: that the case (or the class action claims) should be remanded because the University purportedly aggregates each Named Plaintiff's individual claims in establishing original jurisdiction and because the Notice of Removal ("Notice") does not explicitly refer to the Court's supplemental jurisdiction. *See* Pls. Reply (DE #12) at 3–10. As was true of their Motion, Named Plaintiffs' Reply ignores well established law, presenting instead unfounded legal propositions in an effort to keep this case out of federal court.

## ARGUMENT

I. **Contrary to Named Plaintiffs' Argument in Their Reply, the Court Has Original Jurisdiction Under Section 1332(a) Over the Each Cause of Action Individually Alleged by Each Named Plaintiff.**

This Court has original jurisdiction per Section 1332(a) over the individual wrongful termination claims and the individual wage and hour claims of each Named Plaintiff. As the Notice and the University's Response in Opposition to the Motion establish, there is complete diversity between Named Plaintiffs and the University and each of Named Plaintiff's individual claims exceeds $75,000. *See* Notice (DE #1) at ¶¶ 4–14; Defs. Resp. (DE #11) at 5–9. Named Plaintiffs' Reply does not contend otherwise.

Instead, Named Plaintiffs seek to avoid those fundamental facts by newly and incorrectly arguing that, because the University considers each Named Plaintiff's wage and hour and wrongful termination claims together to establish the amount in controversy, it has improperly failed to identify over which claim this Court has original jurisdiction. *See* Pls. Reply at 8–9. According to the Reply, the University must "treat Plaintiffs' individual claims separately" in order to establish original jurisdiction, to which supplemental jurisdiction over their class claims may attach. *Id.* at 9. Named Plaintiffs fail to cite any authority supporting this proposition. In fact, Named Plaintiffs argued precisely the opposite in their Motion, where they admitted that the University "*can* aggregate the damages of a single party" for the purpose of determining Section 1332(a)'s amount in controversy. Pls. Mot. at 9 (emphasis added).

Named Plaintiffs were correct the first time: an individual plaintiff's claims seeking distinct relief may be aggregated to determine the amount in controversy. *See, e.g., Exxon Mobil Corp. v. Allapattah Services, Inc.,* 545 U.S. 546, 585 (2005) ("[I]n determining whether the amount-in-controversy requirement has been satisfied, a single plaintiff may aggregate two or

more claims against a single defendant, even if the claims are unrelated"); *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 822 (6th Cir. 2006) (same); *Clark v. State Farm Mut. Auto. Ins. Co.*, 473 F.3d 708, 711 (7th Cir. 2007) (same). Where an individual plaintiff's claims collectively meet the amount in controversy requirement, the district court has original, diversity jurisdiction over them. *See, e.g.*, *Hardy v. Jim Walter Homes, Inc.*, No. CIV A 06-0687-WS-B, 2007 WL 1889896, at *6 (S.D. Ala. June 28, 2007) (aggregating individual causes of action to exceed "the $75,000 threshold required for jurisdiction to attach under 28 U.S.C. § 1332"); *Ketz v. Progressive N. Ins. Co.*, No. 3:07CV731, 2007 WL 1726514, at *3 (M.D. Pa. June 14, 2007) (same). Here, each Named Plaintiff's wrongful termination and wage and hour claims, taken together, well exceed the amount in controversy requirement.[1] *See* Notice at ¶¶ 9–15; Defs. Resp. at 6–9.

Regardless of this Court's decision with respect to the exercise of supplemental jurisdiction over the unnamed class members' claims, it cannot decline its diversity jurisdiction over Named Plaintiffs' individual claims as it cannot remand claims that are within its original jurisdiction. *See Shah v. Hyatt Corp.*, 425 F. App'x 121, 125 (3d Cir. 2011) (in declining supplemental jurisdiction over the unnamed class members' state-law wage claims, "the District Court went a step too far" by also remanding named plaintiff's claim "because § 1367 does not permit a federal court to decline original jurisdiction"); *see also Baker v. Kingsley*, 387 F.3d 649, 656–57 (7th Cir. 2004) (a district court cannot remand claims over which it has original jurisdiction); *accord Charvat v. NMP, LLC*, 656 F.3d 440, 446 (6th Cir. 2011) ("If there is diversity jurisdiction, the district court may not decline to decide the state-law claims.").

---

[1] Even if this Court considered the claims' damages separately, however, each individual claim still meets the amount in controversy requirement. *See* Notice at ¶¶ 9–15; Defs. Resp. at 7–8; *see also Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014) (good faith amount in controversy allegations should be accepted by a district court where (as here) they are uncontested).

II. **Contrary to Named Plaintiffs' Argument in Their Reply, the Court Has Supplemental Jurisdiction Under Section 1367 Over the Unnamed Class Members' Claims.**

This Court also has supplemental jurisdiction over the unnamed class members' claims.[2] In arguing to the contrary in their Reply, Named Plaintiffs now contend that this Court cannot exercise that jurisdiction because it was not expressly referenced in the Notice, as purportedly required by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2005). *See* Pls. Reply at 1–5. *Twombly* does not govern removal pleading standards; *Dart Cherokee*, the Supreme Court's most recent word on removal pleading standards (which makes no reference to *Twombly*), does. Per 28 U.S.C. § 1446(a), the University must simply set forth "a short and plain statement of the grounds for removal." *See also Dart Cherokee*, 135 S. Ct. at 553.

The University's Notice clearly meets that standard. As to this Court's jurisdiction over the unnamed class members' claims, the Notice expressly refers to the class allegations of the Complaint and also cites *Exxon Mobil* which addresses the jurisdictional parameters for removal of class action claims based on diversity. *See* Notice at ¶¶ 2, 7, 14 (citing *Exxon Mobil*, 545 U.S. at 558–59, which holds that where Section 1332(a) is met between defendants and a named plaintiff, the class's claims are heard under supplemental jurisdiction, 28 U.S.C. § 1367). Nothing more is required.

Indeed, contrary to Named Plaintiffs' bald proposition, courts have long recognized that supplemental jurisdiction need not be expressly pleaded for a district court to exercise it. *See,*

---

[2] Named Plaintiffs make much of the University's position that a complaint bringing both individual and class claims can be removed under Section 1332(a); they insist that such cases are only removable under Section 1367. *See* Pls. Reply at 3–6. Of course, the action must first be removable because a named plaintiff's claim meets Section 1332(a); *then* the unnamed class members' claims may be removed under Section 1367. *See Exxon Mobil*, 545 U.S. at 558–59. This Court has already recognized that such complaints (and claims) are appropriately removed under Section 1332(a). *See Whitlock v. FSL Mgmt., LLC*, No. 3:10-CV-00562-JHM, 2012 WL 3109491 (W.D. Ky. July 31, 2012) (McKinley, J.) (denying a motion to remand an action including "class allegations of Kentucky wage and hour violations," holding that removal under Section 1332(a) was proper without referencing Section 1367).

4

*e.g.*, *Voyticky v. Vill. of Timberlake, Ohio*, 412 F.3d 669, 674 (6th Cir. 2005) (supplemental jurisdiction claims "do not need to [be] specifically plead[ed]" as such); *see also Townsquare Media Inc. v. Brill*, 652 F.3d 767, 774 (7th Cir. 2011). An adequate jurisdictional statement exists so long as original jurisdiction is pleaded as to one claim, and there are sufficient allegations from which a court can infer supplemental jurisdiction over the remainder. *See McNerny v. Nebraska Pub. Power Dist.*, 309 F. Supp. 2d 1109, 1116 (D. Neb. 2004) (supplemental jurisdiction "need not be specifically pleaded" if the relationship between the claims "permits the conclusion that the entire action is derived from a common nucleus of operative fact").

The court in *Glass v. Ocwen Loan Servicing, LLC*, No. 15-1050-EFM-KGG, 2015 WL 4647905 (D. Kan. Aug. 5, 2015), recently addressed this very issue. There, the defendant removed two plaintiffs' state-law claims, only one of which met the amount in controversy requirement. *Id.* at *2. In their reply brief in support of remand, the plaintiffs "reframe[d] their challenge as a pleading issue," just as Named Plaintiffs have done here, arguing that remand was required because the defendant did not "expressly allege supplemental jurisdiction in its original Notice of Removal." *Id.* at *3. The court disagreed. *Id.* Recognizing its jurisdiction over the claim that fell below the amount in controversy under *Exxon Mobil*, the court held that "the claims are so related to each other it is logical to try them together" despite the "lack of pleading of supplemental jurisdiction in the notice of removal." *Id*. at *2–3. The same is true here.[3] This Court may appropriately exercise supplemental jurisdiction over the unnamed class members' wage and hour claims, as Named Plaintiffs' claims and the claims of the unnamed class members

---

[3] The University's Notice amply satisfies *Dart Cherokee* and Section 1446(a)'s pleading standards as there are sufficient allegations from which a court may infer supplemental jurisdiction. However, if the Court prefers to have the Notice specifically reference to the Court's supplemental jurisdiction over the unnamed class members' wage and hour claims under Section 1367, the University can amend the Notice in accordance with the Court's directive.

they purport to represent are allegedly closely related. *See* Compl. at ¶¶ 15–16, 21. Indeed, Named Plaintiffs cannot legitimately contend otherwise.[4]

## CONCLUSION

For the reasons detailed above, and based on the University's Notice of Removal with supporting documents, this matter should remain in federal court based on diversity jurisdiction. *See* 28 U.S.C. 1332(a). Named Plaintiffs' Motion should be denied in its entirety.

This the 4th of September, 2015.                    Respectfully submitted,


                                                           */s/ LaToi D. Mayo*
                                                          LaToi D. Mayo
                                                          Jay Inman
                                                          Littler Mendelson, P.S.C.
                                                          333 West Vine Street
                                                          Suite 1720
                                                          Lexington, KY  40507
                                                          Telephone: 859.317.7970
                                                          Facsimile: 859.259.0067
                                                          lmayo@littler.com
                                                          jinman@littler.com

                                                          *Attorneys for Defendant*

---

[4] Named Plaintiffs also contend that the Court should not exercise supplemental jurisdiction over their individual and representative wage and hour claims, because their wrongful termination claims and the wage and hour claims "are not related." Pls. Reply at 8. This is a red-herring, as the Court has original jurisdiction over Named Plaintiffs' individual wage and hour claims and so does not need to look to the wrongful termination claim as a jurisdictional basis for the class's wage and hour claims.

## Certificate of Service

It is hereby certified that the foregoing has been filed via the electronic filing system on September 4, 2015. Notice of filing will be performed by the Court's electronic filing system, and the Parties may access the document through the electronic filing system.

*/s/ LaToi D. Mayo*
LaToi D. Mayo