UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CIVIL ACTION NO. 3:15-CV-00578-JHM

MORLENA ALDRICH and KRISTEN NOLAN, ET AL.                    PLAINTIFFS

V.

THE UNIVERSITY OF PHOENIX, INC.                    DEFENDANT

MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion to Remand [DN 7], on Motion for leave to file the Sur-Reply tendered by Defendant in opposition of Plaintiff's Motion to Remand [DN 14], and on Motion for Oral Argument by Plaintiffs regarding the Motion to Remand [DN 13]. Fully briefed, this matter is ripe for decision. For the following reasons, the Plaintiff's Motion to Remand is **DENIED**. Defendant's Motion for Leave to file a Sur-Reply is **GRANTED**, and the Court considered Defendant's Sur-Reply in addressing this matter. And, Plaintiff's Motion for Oral Argument is **DENIED**.

I. BACKGROUND

Plaintiffs, Marlena Aldrich and Kristen Nolan, were formerly employed by Defendant, the University of Phoenix, the nation's largest for-profit university. (Compl. [DN 7-2] ¶¶ 1, 4.) On June 4, 2015, Plaintiffs filed this action in Jefferson Circuit Court against Defendant, alleging claims for wrongful termination and wage and hour violations under various sections of KRS § 337. (Id. ¶¶ 14–15.) Plaintiffs also allege the wage and hour violations under KRS § 337 on behalf of all current and former employees of Defendant who performed a substantial part of their job duties within the Commonwealth of Kentucky. (Id. ¶ 16.)

On July 1, 2015, Defendant removed this action from the Jefferson Circuit Court to this Court alleging diversity jurisdiction under 28 U.S.C. § 1332(a). (Def.'s Notice Removal [DN 7-

2] ¶¶ 4–14.)  Defendant claims that traditional requirements for diversity jurisdiction apply and are satisfied for both the wrongful termination claim and the class action wage and hour claims. (Id. ¶¶ 2–4.)

On July 22, 2015, Plaintiffs filed this Motion to Remand [DN 7] arguing that the Court lacks subject matter jurisdiction.  (Id. ¶¶ 2–4.)  Specifically, Plaintiffs argue that the class suit does not meet the jurisdictional requirements under the Class Action Fairness Act (hereinafter CAFA) under 28 U.S.C. § 1332(d)(2), which requires that the amount in controversy exceed $5,000,000 and the class have than 100 members.  (Id. ¶ 2.)  Plaintiffs maintain that CAFA is the only jurisdictional basis authorizing the removal of a class action claim.   Further, Plaintiffs state that traditional diversity rules cannot apply to this action because supplemental jurisdiction under 28 U.S.C. § 1367(a) has not been pled.  (Id. ¶ 4.)   According to the Plaintiffs, because supplemental jurisdiction has not been pled, each member of the class must have a claim for more than $75,000 in order to individually invoke diversity jurisdiction, which Defendant did not adequately plead in its Notice of Removal.  (Id. ¶¶ 5–7.)  Overall, Plaintiffs argue that traditional diversity rules and supplemental jurisdiction cannot allow Defendant into federal court by effectively allowing it to circumvent the specific class action statute, CAFA, meant by Congress to be the only statute authorizing the removal of class actions.  (Id. ¶¶ 4, 7.)  Plaintiffs further ask for costs associated with this Motion to Remand pursuant to 28 U.S.C. § 1447(c) because of unnecessary delay, expense, and waste.  (Id. ¶ 8.)

Defendant responds by stating that class actions may be removed based on either traditional diversity jurisdiction under 28 U.S.C. § 1332(a) or CAFA under 28 U.S.C. § 1332(d)(2).  (Def.'s Resp. [DN 11] at 2–3.)  Accordingly, Defendant states that only one named Plaintiff must meet the amount-in-controversy requirement in excess of $75,000, not each

individual plaintiff in the class.  (Id. at 7.)  Therefore, because traditional diversity rules may be used for class actions, Defendant states this action was rightly removed based on its proper pleading of complete diversity of citizenship between the named parties and more than $75,000 in controversy for each named Plaintiff.  (Id. at 5, 6–8.)  Lastly, Defendant claims awarding fees and costs would be improper here due to a lack of attempt to delay, increase expenses, or waste resources.  (Id. at 9.)

## II. STANDARD OF REVIEW

Removal from state to federal court is proper for "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a). The relevant jurisdictional bases here include traditional diversity and CAFA. 28 U.S.C. § 1332(a), (d)(2).  Traditional diversity gives "[t]he district courts . . . original jurisdiction [over] all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a), (a)(1).

There is no dispute in the case as to whether the parties are diverse, thus, that is not an issue.  However, in addition to complete diversity between the parties, the amount in controversy in the suit must be greater than $75,000.  28 U.S.C. § 1332(a).  In order to get to that amount, "a single plaintiff may aggregate the value of her claims against a defendant to meet the amount-in-controversy requirement, even when those claims share nothing in common besides the identity of the parties."  Everett v. Verizon Wireless, Inc., 460 F.3d 818, 822 (6th Cir. 2006).  But multiple plaintiffs cannot combine their damages amounts to reach the jurisdictional minimum unless the plaintiffs share a "common and undivided interest."  Snyder v. Harris, 394 U.S. 332, 335 (1969).  Together, diversity of citizenship of the parties and an amount-in-controversy over

$75,000 gives a federal district court subject matter jurisdiction over the action.  Id.; see 28 U.S.C. § 1332(a), (a)(1).

Congress provided a broad grant of jurisdiction to class action litigants through CAFA under 28 U.S.C.§ 1332(d)(2).  Under this statute, "district courts . . . have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant."  28 U.S.C. § 1332(d)(2), (d)(2)(a).

### III. Discussion

The Court will first address Plaintiffs' arguments in turn.

### 1.    The Class Action Fairness Act

Plaintiffs argue that the only jurisdictional basis for a class action lawsuit in federal court is CAFA, as traditional diversity jurisdiction is now unavailable to class action suits.  The Court rejects this argument.   It is widely accepted that both CAFA and traditional diversity jurisdiction are available to class action litigants, as Newberg notes: "CAFA does not displace conventional diversity class action rules; it augments them.  Therefore, federal subject matter jurisdiction over a class action may be premised on either the conventional diversity rules (including utilization of supplemental jurisdiction) or on CAFA."   William B. Rubenstein et al., Newberg on Class Actions § 6:14 (5th ed. 2011); see 32B Am. Jur. 2d Federal Courts § 1567; see also Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 572 (2005), Shah v. Hyatt Corp., 425 F. App'x 121, 123 (3d Cir. 2011); Giorgio Foods, Inc. v. United States, 31 Ct. Int'l Trade 1261, 1271 (2007); Bussie v. Allmerica Fin. Corp., No. CIV.A. 97-40204-NMG, 2006 WL 8201933, at *4 (D. Mass. Sept. 19, 2006).

## 2.   Traditional Diversity Jurisdiction

Plaintiff next argues that Plaintiffs' claims do not meet the standards required for traditional diversity jurisdiction.  Plaintiffs do not contest diversity of citizenship, but rather they focus on whether the claims satisfy the required jurisdictional amount in controversy.  Plaintiffs raise several reasons why this minimum cannot be met.

### i.   Amount in Controversy Requirement Met for Named Plaintiffs

Plaintiffs argue that each individual plaintiff and each individual claim must meet the in excess of $75,000 amount-in-controversy threshold in order for this suit to remain in federal court.  Plaintiffs further argue that Defendant has not explicitly alleged an amount over the $75,000 threshold and therefore the action cannot proceed. The Court rejects both arguments.

It is a well-settled principle that multiple plaintiffs cannot meet the aforementioned amount-in-controversy requirement by aggregating the claims of two or more plaintiffs.  Zahn v. Int'l Paper Co., 414 U.S. 291, 294 (1973), superseded on other grounds by statute, Judicial Improvements Act of 1990, Pub. L. No. 101–650, § 310, 104 Stat. 5089, as recognized in Exxon Mobil, 545 U.S. at 561; Snyder, 394 U.S. at 335; Everett, 460 F.3d at 822.  However, a single plaintiff may aggregate two or more of his own claims against a single defendant in order to meet the jurisdictional minimum.  Everett, 460 F.3d at 822.  A plaintiff may aggregate his claims against a defendant even if "those claims share nothing in common besides the identity of the parties."  Id.  More precisely, an individual plaintiff can meet the amount-in-controversy requirement for his action by aggregating all of his own claims, meaning each individual claim need not, on its own, meet the amount-in-controversy requirement.  Exxon Mobil, 545 U.S. at 560–63.  The Supreme Court has interpreted the meaning of "civil action," for the purposes of determining diversity jurisdiction, to mean the sum of the claims of an individual plaintiff.  Jones

v. Bock, 549 U.S. 199, 221 (2007); see Exxon Mobil, 545 U.S. at 560–63. Therefore, the amount of damages sought in one singular plaintiff's "action," meaning the combined sum of the damages from each of his separate claims, must meet the in excess of $75,000 amount-in-controversy jurisdictional requirement.  Jones, 549 U.S. at 221; Exxon Mobil, 545 U.S. at 560–63; Chicago v. Int'l College of Surgeons, 522 U.S. 156, 166 (1997) (the district court sitting in diversity had jurisdiction over the removed civil action even though every claim did not satisfy jurisdictional prerequisites standing alone).  In fact, the Court specifically rejected the idea that "a district court lacks original jurisdiction over a civil action unless the court has original jurisdiction over every claim in the complaint." Exxon Mobil, 545 U.S. at 560.

Plaintiffs are also incorrect in arguing that each Plaintiff must satisfy the jurisdictional amount on her own.  If one meets the requirement and the other does not, the exercise of supplemental jurisdiction will allow the Court to hear the all the claims.  But, in this case, it matters not, since both Plaintiffs meet the threshold requirement.  Plaintiff Aldrich's wrongful termination claim is properly aggregated with her wage and hour claims, and the same is true for Plaintiff Nolan's claims.

In its Notice of Removal, Defendant explicitly pleads that each Plaintiff individually satisfies the amount-in-controversy requirement.[1]  More specifically, Defendant states that "Defendant Aldrich had an annual salary of approximately $60,577 and Plaintiff Nolan had an

---

[1] Kentucky specifically prohibits plaintiffs from reciting "any sum as alleged damages other than an allegation that damages are in excess of any minimum dollar amount necessary to establish the jurisdiction of the court." Ky. R. Civ. P. 8.01.  Moreover, in Kentucky, the defendant will likely be the first and only party to specifically plead an amount-in-controversy.  The Supreme Court has stated clearly that "when a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S. Ct. 547, 553 (2014) (citing 28 U.S.C. § 1446(c)(2)(B)).  If, however, the plaintiff or the court contests this amount, the district court must find "'by the preponderance of the evidence, that the amount in controversy exceeds' the jurisdictional threshold." Id.  Therefore, when defendant's amount is uncontested, the court can accept the defendant's tendered amount in good faith. Id.

annual salary of approximately $92,713," which they both have missed out on since June 2014 following their allegedly wrongful termination. (Def.'s Notice Removal [DN 7-3] ¶ 11).

Even further, "should Plaintiffs prevail on their wrongful termination claims, their claims for back pay damages measured through completion of trial alone exceed the $75,000 threshold as to *both* Plaintiffs." (Id. (emphasis added).) Additionally, the amount-in-controversy can be "met by Plaintiffs seeking overtime compensation, civil penalties, and liquidated" damages. (Id. at ¶¶ 12–13.) Under Dart Cherokee, the Court can consider these amounts of damages proffered by Defendant in its Notice of Removal because Plaintiff never objected to these allegations in the pleadings and the Court accepts these tendered amounts as reasonable and in good faith.

Thus, the Court finds the amount in controversy requirement satisfied.

### ii. Supplemental Jurisdiction

The remaining questions concern the exercise of supplemental jurisdiction over the unnamed class members whose claims may not, on their own, meet the amount in controversy requirement.[2] The Supreme Court has squarely addressed class actions in which many plaintiffs do not meet the amount-in-controversy minimum. In Exxon Mobil, the Court dealt with a class action that specifically did not fall under CAFA, but instead invoked traditional diversity jurisdiction. 545 U.S. at 558. In an action involving a class of plaintiffs, the Court ruled that once one singular plaintiff has met the amount in controversy requirement, federal courts sitting in diversity may exercise supplemental jurisdiction over additional plaintiffs who fail to satisfy the amount-in-controversy requirement. Id. at 558–59. So long as one of the named plaintiffs

---

[2] The Court would be remiss not to mention the potential difficulty Plaintiffs face with bringing a class action under Kentucky law for wage and hour violations. Due to the recent Court of Appeals decision in McCann v. Sullivan University, plaintiffs cannot bring class action suits in Kentucky under KRS § 337.385. No. 2014-CA-000392-ME, 2015 WL 832280, at *3 (Ky. Ct. App. Feb. 27, 2015). Because the statute "states that actions for violations of Kentucky's wage and hour laws may only be maintained by one or more employees 'for and in behalf of himself, herself, or themselves,'" the statute's "plain language . . . does not permit representative actions." Id. at *3, *5.

meets the minimum, all other plaintiffs' claims can be heard in the same action by way of supplemental jurisdiction, provided other jurisdictional requirements have been met.  Id. at 559. Those other requirements include complete diversity between the plaintiffs and defendants and a shared case or controversy between the representative plaintiff, who meets the jurisdictional minimum, and the rest of the members of the plaintiff class.  Id. at 558.  Exxon Mobil makes clear that supplemental jurisdiction may be invoked for these non-CAFA class actions. Id. at 558–59.

Plaintiffs allege that because Defendants did not plead supplemental jurisdiction specifically in the Notice of Removal, supplemental jurisdiction is unavailable as a jurisdictional source.  Therefore, Plaintiffs assert the class action claims do not have any separate and independent federal subject matter jurisdiction.  Plaintiffs explain that only under federal question jurisdiction can a district court allow removal of an action and then use its discretion to sever and remand certain state law claims.  Plaintiffs go on to state that diversity jurisdiction does not allow a district court to sever claims with no federal subject matter jurisdiction, the whole action must be remanded as one unit.  Therefore, Plaintiffs claim that the whole action must be remanded to state court because, under diversity, the class action claims lack their own independent jurisdictional basis.

Plaintiff's argument fails because supplemental jurisdiction is available in this case.  As previously discussed, because at least one named Plaintiff has met the jurisdictional minimum, Exxon Mobil authorizes supplemental jurisdiction to extend to class members who do not reach that threshold.  Therefore, unnamed class member's claims do have their own independent jurisdictional basis to remain in federal court.  And while it is true that Defendant did not

specifically plead supplemental jurisdiction in its Notice of Removal, the Court finds that supplemental jurisdiction need not be specifically pled in order to be invoked.

First, a notice of removal must conform to the requirements of 28 U.S.C. § 1446(a). The notice must contain "a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). Generally, this requirement "tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure," which provides the general rules of pleadings. Dart Cherokee, 135 S. Ct. at 553 (citing 14C C. Wright, A. Miller, E. Cooper, & J. Steinman, Federal Practice and Procedure § 3733, at 639–641 (4th ed. 2009)). Congress specifically borrowed the language found in 28 U.S.C. § 1446(a) from Federal Rule of Civil Procedure 8(a) in order to "simplify the pleading requirements for removal and to clarify that courts should apply the same liberal rules [to removal allegations] that are applied to other matters of pleading." Id. (citing H.R. Rep. No. 100–889, at 71 (1988)). The Sixth Circuit has also characterized these pleading requirements as rather "lax." Musson Theatrical, Inc. v. Federal Exp. Corp., 89 F.3d 1244, 1253 (6th Cir.1996).

Second, supplemental jurisdiction need not be specifically pled by a plaintiff in order for a district court to hear those state law claims. 1 Fed. R. Civ. P., Rules and Commentary, Rule 8; see also Mendoza v. Murphy, 532 F.3d 342, 346 (5th Cir. 2008), overruled on other grounds by Snapt Inc. v. Ellipse Commc'ns Inc., 430 F. App'x 346 (5th Cir. 2011); Voyticky v. Vill. of Timberlake, Ohio, 412 F.3d 669, 675 (6th Cir. 2005); Leather's Best, Inc. v. S. S. Mormaclynx, 451 F.2d 800, 809 n.10 (2d Cir. 1971) ("Pendent jurisdiction is [a] not matter which must be pleaded since the court already has jurisdiction over the case."); Phoenix Ins. Co. v. WSG Mgmt. Co., No. 10-22706, 2011 WL 13860, at *2 (S.D. Fla. Jan. 4, 2011) ("Even in the absence of an affirmative pleading of a jurisdictional basis, a federal court may find that it has jurisdiction if

the facts supporting jurisdiction have been clearly pled."); Carlo C. Gelardi Corp. v. Miller Brewing Co., 421 F. Supp. 237, 241 n.3 (D.N.J. 1976) ("It is not necessary that pendent jurisdiction be affirmatively pleaded.").  Pleading requirements dictate that the complaint need only "properly invoke[] the district court's jurisdiction and [state] that the other claims: 'are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.'" Voyticky, 412 F.3d at 675. (quoting  28 U.S.C. § 1367).  And, although "omissions to explicitly invoke supplemental jurisdiction" are not looked upon favorably, and "attorneys should take care to state clearly the basis of jurisdiction in the complaint," an "omission is not necessarily fatal to the exercise of a court's supplemental jurisdiction." Accessdata Corp. v. Alste Technologies GmbH, No. 2:08-CV-569 (TC), 2009 WL 3248126, at *3 (D. Utah Oct. 7, 2009); Mosley v. City of Chicago, No. 06-C-6314, 2007 WL 2608517, at *5 (N.D. Ill. Sept. 4, 2007).  Because the pleading rules for notices of removal echo the requirements for plaintiff complaints, it logically follows that supplemental jurisdiction need not be specifically pled in notices of removal.  Finding this logic persuasive, other jurisdictions have in fact applied similar pleading standards to notices of removal as well.

Defendant's Sur-Reply points to Glass v. Ocwen Loan Servicing, LLC, which dealt directly with a notice of removal lacking pleading of supplemental jurisdiction in a diversity case. No. 6:15-cv-1050-EFM-KGG, 2015 WL 4647905, at *3 (D. Kan. Aug. 5, 2015).  In Glass, plaintiff James' claims met the requirements for diversity jurisdiction, as he was of diverse citizenship from Defendants and his claims surpassed the $75,000 threshold.  Id. at *1. However, plaintiff Claudia's claims did not reach the $75,000 mark.  Id.  The court determined that under Exxon Mobil, plaintiff Claudia's claims could remain in federal court under

10

supplemental jurisdiction because they were part of the same case or controversy as plaintiff James' claims.  Id. at *3.  The plaintiffs contended however, that because the defendants did not expressly plead supplemental jurisdiction in the notice of removal, the notice was defective.  Id. In the notice, the defendants did plead diversity jurisdiction under 28 U.S.C. § 1332(a).  Notice of Removal at 2, Glass v. Ocwen, 2015 WL 4647905, at *3 (D. Kan. Aug. 5, 2015) (No. 6:15-cv-1050-EFM-KGG).   The defendant outlined the diversity of the parties and the amount in controversy as over $75,000.  Id. at 3.   The defendant made no mention of supplemental jurisdiction or 28 U.S.C. § 1367(a).  Id.  Though the court felt that "the common and cautious practice is to include the allegation in the complaint, where subject matter jurisdiction exists under 28 U.S.C. § 1331, supplemental jurisdiction need not be specifically pleaded."  Glass, 2015 WL 4647905, at *3 (citing McNerny v. Nebraska Public Power District, 309 F. Supp. 2d 1109, 1116 (D. Neb. 2004)).  The court ruled that "it ha[d] original jurisdiction under diversity jurisdiction and the lack of pleading of supplemental jurisdiction in the notice of removal [did] not divest the Court of jurisdiction."  Id.  Overall, supplemental jurisdiction is available to both plaintiffs and defendants who do not expressly plead it in their complaint or notice of removal.

Here, Defendant did not specifically plead supplemental jurisdiction in its Notice of Removal.  While not ideal for pleading purposes, this misstep does not render supplemental jurisdiction unavailable as Plaintiff proposes.  Just as in Glass, Defendant here pled all of the requisite elements of diversity jurisdiction: diversity of citizenship between the named Plaintiffs and Defendant and an amount in excess of $75,000 in controversy for each Plaintiff.  Defendant asserted that the named Plaintiffs are self-proclaimed residents of Kentucky and Indiana, whereas Defendant University of Phoenix is incorporated in Arizona with its principle place of business in Arizona. (Def.'s Notice Removal [DN 7-3] ¶¶ 5–6).  Additionally, Defendant stated

that between past due wages based on prior salaries, overtime compensation, liquidated damages, and civil penalties, the amount in controversy exceeds the $75,000 jurisdictional requirement as to each named Plaintiffs.  (Id.  ¶¶ 9–14.)  These pleadings satisfy the 28 U.S.C. § 1446(a) requirement of a "short and plain statement of the grounds for removal."

Defendant also mentioned that the named Plaintiffs' claims and the class claims arise under KRS ch. 337 and that at least one member of the class is diverse from Defendant.  While supplemental jurisdiction was not specifically pled, the Court can easily gather from the face of the Notice of Removal that it is properly invoked.  Defendant indicated that both the representative Plaintiffs' claims and the class claims derive from the same statute and facts; therefore, they arise under the same case or controversy.  This Court has diversity jurisdiction over the Plaintiffs' actions under 28 U.S.C. § 1332(a) and has supplemental jurisdiction over the class action under Exxon Mobil.  The lack of specific pleading does not strip this Court of supplemental jurisdiction for the class action claim.

### 3.   Fees

Because Plaintiffs claim that Defendant "improvidently, if not recklessly removed this case," Plaintiffs seek Defendant to pay all costs, inclusive of attorney fees, surrounding this removal.  (Pl.'s Mot. Remand [DN 7] ¶ 8.)  Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  Because this Court will not remand the case to state court, no award of fees is warranted.

### 4.   Additional Motions

The Court **grants** the Defendant's Motion for Leave to File a Sur-Reply, accepting the tendered Sur-Reply, and **denies** the Plaintiff's Motion for Oral Argument as unnecessary.

## IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand [DN 7] is **DENIED**.  **IT IS FURTHER ORDERED** Defendant's Motion for Leave to File a Sur-Reply [DN 14] is **GRANTED**. The Clerk of Court shall file the tendered Sur-Reply attached to Defendant's Motion [DN 14].  **IT IS FURTHER ORDERED** Plaintiff's Motion for Oral Argument [DN 13] is **DENIED**.

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

October 9, 2015

cc: counsel of record

13