**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**CIVIL ACTION NO.  3:15-CV-578-JHM**

**MARLENA ALDRICH, et al.,**                                                             **Plaintiffs,**

**v.**

**THE UNIVERSITY OF PHOENIX, INC.,**                                              **Defendant.**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on three motions filed by Plaintiffs Marlena Aldrich and Kristen Nolan (collectively, "Plaintiffs").  Plaintiffs have filed (1) a motion for an extension of time (DN 21) to file a response to the motion of Defendant University of Phoenix, Inc. ("Defendant") to dismiss and compel arbitration (DN 6); (2) a motion for leave to file a sur-reply (DN 27) in opposition to Defendant's motion to dismiss and compel arbitration; and (3) a motion to supplement (DN 29) their motion for leave to file a sur-reply.

**BACKGROUND**

This is an employment action involving wrongful termination claims and a putative class action claim pursuant to Kentucky Revised Statutes Chapter 337.  Plaintiffs, who are former employees of Defendant, originally filed suit in Jefferson Circuit Court.  (DN 1-2.)  Defendant removed the case to this Court (DN 1) and, shortly thereafter, filed a motion (DN 6) to dismiss the complaint and compel arbitration.  Plaintiffs then filed a motion to remand (DN 7) and a motion for an extension of time (DN 8) to file a response to the motion to dismiss, pending a decision on the motion to remand.  The Court granted the motion for an extension (DN 10), staying the deadline for Plaintiffs to respond to the motion to dismiss.  On October 9, 2015, the Court denied Plaintiffs' motion to remand.  (DN 17.)  As such, the stay of the deadline for

Plaintiffs' response to the motion to dismiss was lifted. (DN 19 (setting deadlines of November 13, 2015 for response and November 27, 2015 for reply).)

## DISCUSSION

1. **Plaintiffs' Motion for Extension**

Rather than file a response to the motion to dismiss, Plaintiffs filed (1) a motion for reconsideration (DN 20) of the Court's order denying their motion to remand; and (2) a motion for an extension (DN 21) of the then-existing November 13, 2015 deadline for their response to the motion to dismiss, pending resolution of the motion for reconsideration. Defendant filed a response (DN 23) in opposition to the motion for extension. Plaintiffs did not file a reply.

On the updated deadline for Plaintiffs to respond to the motion to dismiss, November 13, 2015, the motion for extension remained pending. Consequently, Plaintiffs *did* file a response to the motion to dismiss and compel arbitration. (DN 24.) Accordingly, Plaintiffs' motion for extension to file such a response is now MOOT and is DENIED as such.

2. **Plaintiffs' Motion for Leave to File Sur-reply in Opposition to Motion to Dismiss**

    a. The Motion, Response, and Reply

Plaintiffs have also filed a motion for leave to file a sur-reply in opposition to Defendant's motion to dismiss and compel arbitration. (DN 27.) Plaintiffs argue that they should be permitted to file a sur-reply to ensure that they have an opportunity to respond to new arguments made by Defendant in its reply in support of its motion to dismiss. Specifically, Plaintiffs argue that the motion to dismiss did not clearly identify an "operative contract," but rather, it simply assumed the existence of a valid arbitration agreement, and only in the reply did Defendant identify a purported arbitration agreement. (DN 27 at 1.) Plaintiffs further contend

that their response (DN 24) raised a number of factual issues that were not addressed in the motion, particularly on the issue of contract formation. Plaintiffs claim that Defendant's reply introduces new information and arguments related to contract formation, particularly on the elements of acceptance and consideration. Plaintiffs assert that they should have an opportunity to respond to these new arguments. They have tendered a proposed sur-reply and exhibits thereto. (DN 27-2, 27-3, 27-4, 27-5.)

Defendant has filed a response in opposition (DN 31) to the motion for leave to file a sur-reply. Defendant argues that its reply does not raise any new issues; rather, the reply addresses issues raised in the motion to dismiss or directly responds to arguments made in Plaintiffs' response. Defendant characterizes the proposed sur-reply as a "transparent effort to reargue [Plaintiffs'] entire [r]esponse," noting that the proposed sur-reply is longer than the response. (DN 31 at 2.) Defendant argues that identification of the "operative contract" has never been in question; that the issues of acceptance and consideration were raised in Plaintiffs' reply and, therefore, were proper subjects for the reply; and that an affidavit of an employee of Defendant that was filed as an exhibit to the reply raises no additional facts. Plaintiffs filed a reply (DN 32) reiterating their argument that Defendant's reply in support of its motion to dismiss raises new arguments to which Plaintiffs have the right to respond.

    b. <u>Analysis</u>

"A motion is submitted to the Court for decision after completion of the hearing or oral argument – or if none – after the reply memorandum is filed, or the time for filing the reply memorandum has expired." LR 8.1(g). Whether to permit a party to file a sur-reply is a matter left to the trial court's discretion. *See Key v. Shelby County*, 551 Fed. Appx. 262, 264 (6th Cir.

2014) (citing *Eng'g Mfg. Servs., LLC v. Ashton*, 387 Fed. App'x 575, 583 (6th Cir. 2010); *Tanielian v. DaimlerChrysler Corp.*, 108 F. App'x 386, 387 (6th Cir. 2004)). "The Sixth Circuit has held that a district court does not abuse its discretion in denying leave to file a sur-reply where the opposing party's reply did not raise any new legal arguments or introduce new evidence." *Liberty Legal Found. v. Nat'l Democratic Party of the USA*, 875 F. Supp. 2d 791, 797 (W.D. Tenn. 2012); *see, e.g.*, *Key*, 551 Fed. Appx. at 265 (holding that district court's denial of motion to file sur-reply was not abuse of discretion due to lack of new arguments raised in reply and six-month delay between filing of reply and motion for sur-reply). "As many courts have noted, '[s]ur-replies . . . are highly disfavored, as they usually are a strategic effort by the nonmoving party to have the last word on a matter.'" *Id.* (quoting *In re Enron Corp. Secs.*, 465 F. Supp. 2d 687, 691 n.4 (S.D. Tex. 2006)) (additional citation omitted). Nonetheless, "[a]lthough the Federal Rules of Civil Procedure do not expressly permit the filing of sur[-]replies, such filings may be allowed in the appropriate circumstances, especially '[w]hen new submissions and/or arguments are included in a reply brief, and a nonmovant's ability to respond to the new evidence has been vitiated.'" *Key*, 551 Fed. Appx. at 265 (quoting *Seay v. Tenn. Valley Auth.*, 339 F.3d 454, 481 (6th Cir. 2003)).

In this case, the Court will exercise its discretion to deny Plaintiffs' motion for leave to file a sur-reply because Defendant's reply in support of its motion to dismiss "did not raise any new legal arguments or introduce new evidence." *Liberty Legal Found.*, 875 F. Supp. 2d at 797. Notwithstanding Plaintiffs' characterization of Defendant's reply, the Court concludes that the reply does not raise new arguments such that Plaintiffs should be granted leave to file a sur-reply. Rather, the reply responds directly to the arguments in Plaintiffs' response and bolsters

Defendant's arguments in its memorandum in support of its motion to dismiss. "This is entirely consistent with the proper purpose of a reply brief, to address the opposing party's arguments raised in a response brief." *Id.*, 875 F. Supp. 2d at 797-98. For example, Defendant's reply addresses Plaintiffs' arguments regarding public policy, identification of the purportedly binding arbitration agreement, and elements of contract formation. The Court finds that Plaintiffs' request for leave to file a sur-reply is merely an attempt to reiterate and reemphasize the arguments they expressed in their response. In short, Plaintiffs' request for leave to file a sur-reply is an attempt to have the last word on this issue. This is "precisely the reason that sur-replies are so thoroughly disfavored." *See id.* at 798.

For the foregoing reasons, Plaintiffs' motion for leave to file a sur-reply is DENIED.

**3. Plaintiffs' Motion to Supplement Tendered Sur-reply**

Finally, Plaintiffs have filed a motion to supplement their tendered sur-reply. (DN 29, 27-2.) Plaintiffs' counsel seeks to file a corrected version (DN 29-2) of an exhibit (DN 27-5) that he mistakenly filed with the tendered sur-reply. Defendant did not file a response. Because Plaintiffs' motion for leave to file a sur-reply is denied in the instant order, the motion to supplement the tendered sur-reply is MOOT and is therefore DENIED as such.

Accordingly, IT IS HEREBY ORDERED as follows:

(1)  Plaintiffs' motion for an extension of time (DN 21) to file a response to Defendant's motion to dismiss and compel arbitration is DENIED AS MOOT.

(2)  Plaintiffs' motion for leave to file a sur-reply in opposition to Defendant's motion to dismiss and compel arbitration is DENIED.

(3) Plaintiffs' motion to supplement their tendered sur-reply (DN 29) is DENIED AS MOOT.

cc: Counsel of record