UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CIVIL ACTION NO. 3:15-cv-00578-JHM

MARLENA ALDRICH and                                              PLAINTIFFS
KRISTEN NOLAN

V.

THE UNIVERSITY OF                                                 DEFENDANT
PHOENIX, INC.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff's Motion to Strike Defendant's Reply Memorandum [DN 35]. Fully briefed, this matter is ripe for decision. For the following reasons, the Motion to Strike is **DENIED**.

**I. BACKGROUND**

Plaintiffs seek to strike Defendant's Reply brief on the grounds that it contained both new evidence and new argument. (Pls.'s Mtn. Strike Reply [DN 35] at 1.) Plaintiffs neither elaborate as to why the Court should strike Defendant's Reply, nor do they provide any authority for this proposition. Presumably, Plaintiffs object to the new evidence presented and the arguments Defendant makes with regard to it. Plaintiffs argue in their Response to Defendant's Motion to Dismiss that Plaintiff Nolan was on leave during the time that she allegedly signed the Acknowledgment Form containing the arbitration agreement at issue. Defendant, attached to its Reply brief, provided an affidavit of Torrey Quintana, the Director of the HR Shared Services Center for Defendant's parent company, Apollo Education Group. In this affidavit, Quintana states that there are no records of Plaintiff Nolan's absence or leave status at the time that Plaintiffs allege she was on leave. Additionally, Defendant provides a copy of an email sent from Plaintiff Nolan's University email account, additionally evidencing the fact that she was not

on leave on the date Plaintiffs claim. Plaintiffs also argue that the parties to the arbitration agreement do not include Defendant because the Acknowledgment Forms reference an agreement between "the Company" and Plaintiffs, not between Defendant, the University of Phoenix, and Plaintiffs. In reply to this argument, Defendant attached a page of the Employee Handbook that simply defines "the Company" as including both Apollo Group and its subsidiaries, one of which is Defendant, the University of Phoenix. Plaintiffs now wish to strike Defendant's Reply and the attached evidence.

## II. DISCUSSION

Plaintiffs have moved to strike the Defendant's Reply brief relating to Defendant's Motion to Dismiss or Compel Arbitration. Fed. R. Civ. P. 12(f) provides that upon a motion made by a party, "[t]he court may strike from a pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "Because striking a portion of a pleading is a drastic remedy, such motions are generally viewed with disfavor and are rarely granted." Watkins & Son Pet Supplies v. Iams Co., 107 F. Supp. 2d 883, 887 (S.D. Ohio 1999). The application of the rule, which lies in the sole discretion of the trial judge, "should be resorted to only where the pleading contains such allegations that are obviously false and clearly injurious to a party to the action because of the kind of language used or that the allegations *are unmistakably unrelated to the subject matter*." Pessin v. Keeneland Ass'n, 45 F.R.D. 10, 13 (E.D. Ky. 1968) (emphasis added).

Here, Plaintiffs contend that Defendant's Reply brief brings up new arguments and offers new evidence. These bald and unsubstantiated assertions are without merit. As explained above, Plaintiffs argued in their Response brief that Plaintiff Nolan was on leave on the date that she allegedly electronically signed the Acknowledgment Form. Defendant simply provided evidence

to counter that statement, an affidavit of the supervisor of employee leave time, Quintana, and an email evidencing that Plaintiff Nolan accessed her University email on that date, both attempting to prove that she was indeed not on leave at that time. This evidence did not create a new argument but instead defended against one Plaintiffs raised in their Response brief. Additionally, Defendants offered an excerpt from the Employee Handbook defining "the Company" referenced in the Acknowledgment Forms as Apollo Group and its subsidiaries, including Defendant, the University of Phoenix. This was entered in order to counter Plaintiffs' argument that the arbitration agreement was not a contract between the parties here—Plaintiffs and Defendant—but rather was a contract, if a contract at all, between Plaintiffs and Apollo Group. This excerpt from the Employee Handbook directly counters that argument and also illustrates that Quintana was qualified to opine on the matter because she was employed by Apollo Group, Defendant's parent company, and had personal knowledge of the leave status of employees. Plaintiffs make no further arguments and cite no authority for their Motion to Strike. As such, the Court cannot find that the Reply brief or the attached evidence was "redundant, immaterial, impertinent, or scandalous matter" or was "*unmistakably unrelated to the subject matter.*" Fed. R. Civ. P. 12(f); Pessin, 45 F.R.D. at 13.

## IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Plaintiffs' Motion to Strike is **DENIED**.

*Joseph H. McKinley*

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

March 4, 2016

cc: counsel of record

3