UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CIVIL ACTION NO. 3:15-cv-00578-JHM

MARLENA ALDRICH and                                                                    PLAINTIFFS
KRISTEN NOLAN

V.

THE UNIVERSITY OF                                                                        DEFENDANT
PHOENIX, INC.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiffs' Motion for Reconsideration of the Court's Order Denying Remand [DN 20] and corresponding Motion for Oral Argument [DN 22]. Fully briefed, these matters are ripe for decision. For the following reasons, both Motions are **DENIED**.

### I. Motion to Reconsider

Motions to alter or amend judgments may be "made for one of three reasons: (1) An intervening change of controlling law; (2) Evidence not previously available has become available; or (3) It is necessary to correct a clear error of law or prevent manifest injustice." United States v. Jarnigan, 2008 WL 5248172, at *2 (E.D. Tenn. Dec. 17, 2008) (citing Fed. R. Civ. P. 59(e); Helton v. ACS Grp., 964 F. Supp. 1175, 1182 (E.D. Tenn. 1997)); see also GenCorp, Inc. v. Am. Int'l Underwriters, 178 F.3d 804, 834 (6th Cir.1999). Rule 59(e) is not intended to be used to "'relitigate issues previously considered' or to 'submit evidence which in the exercise of reasonable diligence, could have been submitted before.'" United States v. Abernathy, 2009 WL 55011, at * 1 (E.D. Mich. Jan. 7, 2009) (citation omitted); see also Browning v. Pennerton, 2008 WL 4791491, at * 1 (E.D. Ky. Oct. 24, 2008) ("[A] motion for reconsideration is not a vehicle to re-hash old arguments."); Elec. Ins. Co. v. Freudenberg–Nok,

Gen. P'ship, 487 F. Supp. 2d 894, 902 (W.D. Ky. 2007) ("Such motions are not an opportunity for the losing party to offer additional arguments in support of its position."). Motions to alter or amend judgments under Rule 59(e) "are extraordinary and sparingly granted." Marshall v. Johnson, 2007 WL 1175046, at *2 (W.D. Ky. Apr. 19, 2007).

Applying the above standard to the current motion, the Court denies the Plaintiffs' motion to reconsider the merits of the case. The arguments raised in the Plaintiffs' Rule 59(e) motion to alter or amend focus on the Court's decision to apply supplemental jurisdiction. These same arguments were previously advanced by the Plaintiffs and addressed by the Court. "A Rule 59(e) motion is not properly used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier, but were not." Gray v. Comm'r of Soc. Sec., 2006 WL 3825066, at *2 (E.D. Mich. Dec. 13, 2006) (citing Sault Ste. Marie Tribe of Chippewa Indians v. Engler, 146 F.3d 367, 374 (6th Cir. 1998)). Plaintiffs may disagree with the Court's decision, but that is an issue for appeal, not reconsideration. Accordingly, Plaintiffs' Motion for Reconsideration [DN 20] is **DENIED**.

## II. Conclusion

For the above reasons, IT IS HEREBY ORDERED that Plaintiffs' Motion for Reconsideration [DN 20] is **DENIED**. Additionally, Plaintiffs' Motion for Oral Argument regarding the Motion for Reconsideration is unnecessary and therefore **DENIED**.

*[Signature]*

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

March 4, 2016

cc: counsel of record